IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LYNDA FITZHUGH,

      Plaintiff,

v.

CHARLES TOPETZES, et al.,

      Defendants.

CIVIL ACTION NO.
1:04-CV-3258-RWS

## **ORDER**

This case comes before the Court on Plaintiff's Request to File a Surreply Brief in Opposition to Defendant's Motion for Summary Judgment [49-1]. The Court has considered the arguments advanced by the parties, and now denies that request.

Plaintiff, represented by counsel, brought this action in late November 2004, alleging that she had been the victim of unlawful discrimination and retaliation in her employment as an administrative assistant with the Georgia State House of Representatives. After assisting Plaintiff through much of the

discovery process,[1] her attorney requested to withdraw as counsel, expressing his hope that Plaintiff would be able to obtain a lawyer "more to her liking and with whom she [could] better communicate and cooperate."  (See Mot. to Withdraw [35-1] at 1.)  The Court, hearing no objection from Plaintiff, granted the motion on August 29, 2005.

Over a month later, on October 3, 2005, Defendants filed their motion for summary judgment.  Plaintiff, proceeding *pro se*, responded on October 28, 2005.[2]  Defendants filed a timely reply, and the motion was submitted to the Court for consideration in mid-November.

Approximately one week after Defendants filed their reply in support of the motion for summary judgment, Plaintiff retained new counsel, and requested leave to file a surreply in opposition.  In support of this request, Plaintiff argued that she had been prejudiced by proceeding *pro se* during her deposition and in her opposition to Defendants' summary judgment motion.

---

[1]Plaintiff, while still represented by counsel, failed to appear at the first four depositions noticed by Defendants.  The Court, on Defendants' motion, compelled her to appear and be deposed by Order dated September 1, 2005, and her deposition took place on September 12, 2005.  By that time, her attorney had been permitted to withdraw.

[2]Plaintiff's response included a brief in opposition, an affidavit, a statement of issues to be tried, and objections to Defendants' statement of undisputed material facts.

AO 72A
(Rev.8/82)

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court contemplate the routine filing of briefs following the movant's reply. See Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (declining to permit surreply). "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." Garrison v. N.E. Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (declining to permit surreply). Rather, such filings will typically be accepted by the Court only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review. Cf., e.g., Fedrick, 366 F. Supp. 2d at 1197 ("valid reason for . . . additional briefing exists . . . where the movant raises new arguments in its reply brief").

In the view of this Court, a litigant's regret over proceeding *pro se* during a previous phase of litigation is not among the legitimate bases for permitting the submission of a surreply. Had Plaintiff desired the assistance of counsel in defending against Defendants' summary judgment motion, she could have petitioned the Court for an extension of time to respond while she searched for new representation. The Court would have been inclined to permit a reasonable

3

extension of time for that purpose. But now that briefing on that motion has closed, and Plaintiff has had the chance to review the Defendants' reply papers, she should not be permitted a second opportunity to oppose the motion, or to force on her opponent the burden of responding to yet another filing respecting the propriety of Rule 56 relief. Having elected to proceed *pro se*, she must now accept the consequences of that election. Plaintiff's Request to File a Surreply Brief in Opposition to Defendant's Motion for Summary Judgment [49-1] is **DENIED**.

    **SO ORDERED** this  6th  day of January, 2006.

    /s/ Richard W. Story
    RICHARD W. STORY
    UNITED STATES DISTRICT JUDGE